```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., §<br>as Broadcast Licensee of the §<br>February 16, 2008 "The Epic §<br>Battle Continues":  Pavlik/ §<br>Tylor Event, §<br>§<br>          Plaintiff, §<br>§<br>VS. §<br>§<br>(1) FRANCISCO RAMIRO ORELLANA, §<br>Individually and d/b/a EL FERRI §<br>a/k/a EL FERRI MEXICAN §<br>RESTAURANT & BAR, and §<br>§<br>(2) AGUSTINA MONTANO PORTILLO §<br>a/k/a AUGUSTINA MONTANO §<br>PORTILLO, Individually and §<br>d/b/a EL FERRI a/k/a EL FERRI §<br>MEXICAN RESTAURANT & BAR, §<br>§<br>          Defendants. § | CIVIL ACTION H-11-0574 |

**OPINION AND ORDER**

   Pending before the Court in the above referenced action, grounded in the Federal Communications Act of 1934, as amended by the Federal Cable Communications Act of 1984, 47 U.S.C. §§ 553 and 605, and alleging that Defendants willfully intercepted and/or received the interstate communication of a Super Middleweight Championship Fight Program, thereby misappropriating Plaintiff J&J Sports Productions, Inc.'s licensed exhibition of the program and infringing upon Plaintiff's exclusive rights to sub-license that

telecast, is Plaintiff's motion to strike affirmative defense and for costs (instrument #10).  No response has been filed.

Plaintiff argues that Defendants' affirmative defense of statute of limitations is insufficient as a matter of law and must be stricken.  Because Defendants misrepresented the applicable statute of limitations, which is three year, not two, and failed to disclose binding Fifth Circuit authority,[1] Plaintiffs further seek an award of costs, including a reasonable attorneys' fees of at least $1,250.00, for preparation of this motion.

Under Federal Rule of Civil Procedure 12(f),

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
>
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Motions to strike are usually viewed with disfavor and rarely granted since they seek a drastic remedy and are frequently sought merely to delay.  *1st United Telecom, Inc. v. MCI Communications Services, Inc.*, Civ. A. No. 3:10-CV-2255-B, 2011 WL 2292265,*1 (N.D. Tex. June 8, 2011).  Such motions should be denied if there is any question concerning law or fact.  *Id.*  "[A] Rule 12(f) motion to dismiss is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale*

---

[1] The Court notes that there is no requirement that the Answer to a Complaint cites cases, and indeed, it is rarely done.

*Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). The court has considerable discretion whether to grant a motion to strike. *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

The issue of the applicable statute of limitations for an FCA claim is not simple. When Congress amended the FCA with the Cable Act in 1984, Congress did not provide a statue of limitations. *See, e.g., J&J Sports Productions, Inc. v. JWJ Management, Inc.*, 324 S.W. 3d 823, 824-25 (Tex. App.--Fort Worth 2020); *Kingvision Pay-Per-View, Ltd. v. Betancourt*, Civ. A. No. H-11-0236, 2011 WL 1900166, *2 (S.D. Tex. May 19, 2011)(Lake, J.). Subsequently, Congress provided a four-year statute of limitations for civil suits arising under federal statutes enacted after December 1, 1990, but for those enacted before that date that lacked an applicable limitations period, the rule was to "'borrow' the most closely analogous state limitations period" or federal limitations period. *Id.; id., quoting Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409 (2005). There have been widely differing responses from various courts. *See, e.g., DirecTV, Inc. v. Webb*, 545 F.3d 837, 847-52 (9th Cir. 2008)(applying the one-year statute of limitations of the California Piracy Act as the most closely analogous state law); *Kingvision Pay-Per-View, Ltd. v. 898 Belmont, Inc.*, 366 F.3d 217 (3d Cir. 2004)(applying the three-year statute of limitations of Pennsylvania's cable piracy

statute); *J&J Sports Productions, Inc. v. Jones*, No. Civ.-08-0361-HE, 2008 WL 4619812, *2 (W.D. Okla. Oct. 16, 2008)(applying two-year statute of limitations from Oklahoma's communications piracy statute, 21 Okla. Stat. § 1737); and *In re Cases Filed by DirecTV*, 344 F. Supp. 2d 647 (D. Ariz. Nov. 9, 2004)(applying two-year statute of limitations of the federal Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521).  The United States Supreme Court has not yet determined the applicable statute of limitations for claims under the FCA.  *Kingvision*, 2011 WL 1900166 at *5.

The Court agrees with Plaintiff that in *Prostar v. Massachi*, 239 F.3d 669, 677-78 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit held that the three-year limitations period from the federal Copyright Act applies to civil actions under the FCA because the "the Copyright Act provides the federal law analogue to . . . FCA claims."  It did so in the context of considering analogous causes of action under Louisiana state law, determining that the closest analogue was Louisiana's tort of conversion with a one-year statute of limitations.  *Id.* at 671, 675-77; *Kingvision*, 2011 WL 1900166, *5.  Opining that "application of state conversion law in each of the fifty states would result in widely varying limitations periods" and would require national cable companies to make different decisions in different states in investigating and pursuing cable piracy, the Fifth Circuit concluded that "a single federal standard would eliminate these

practical difficulties." *Id.* at 677; *id.* at *5. That determination is controlling on this Court

Nevertheless, in *J&J Sports Productions, Inc. v. JWJ Management, Inc.*, 324 S.W. 3d 823, alleging the same cause of action as in this action by the same Plaintiff, the Texas appellate court concluded it was not bound by the Fifth Circuit's holding in *Prostar,* found a Texas state analogue parallel to the FCA in the Texas Theft Liability Act, and applied its two-year statute of limitations to the FCA claim. *Id.* at 831.

Clearly this Court is bound by the Fifth Circuit's holding in *Prostar*. Thus in its discretion it will strike Defendants' affirmative defense of a two-year statute of limitations affirmative defense as insufficient as a matter of law in the Fifth Circuit. Nevertheless, it does not find that the assertion of that incorrect period so serious an offense as to warrant an award of costs, including fees, especially to counsel of a party that has been frequently involved in that issue in suits around the country and which must be very familiar with the law in multiple jurisdictions.

Accordingly, the Court

ORDERS that Plaintiff's motion to strike Defendants' statute-of-limitations affirmative defense is GRANTED, but its request for

an award of costs is DENIED (#10).

**SIGNED** at Houston, Texas, this  22nd  day of  July , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE